UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDER YEMELIN,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-05005 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

This habeas action concerns the detention of Petitioner Oleksander Yemelin, a noncitizen who has lived in the United States since 2021. Based on the Government's interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was detained and has not been afforded the opportunity to challenge the basis of his continued detention at a bond hearing. For the reasons explained below, the Court GRANTS the petition.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner, a native of Ukraine, entered the United States on September 24, 2021 through the Tijuana border with his family, and was detained by U.S. Customs and Border Patrol shortly thereafter. Dkt. No. 1 at 5–6; Dkt. No. 9-1 at 3. Petitioner was subsequently placed in removal proceedings and paroled into the United States. Dkt. No. 1 at 1–2; Dkt. No. 9-1 at 3. Following his release, he and his family rented a home in Sacramento, California, and he began working at a construction company. Dkt. No. 1 at 6.

Between 2023 and 2026, Petitioner received multiple driving under the influence convictions. *See* Dkt. No. 9-2 at 4–10. On January 29, 2026, Petitioner was convicted for driving

under the influence and sentenced to 364 days in jail. *Id*. at 10; *see* Dkt. No. 1 at 7. Petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") on April 30, 2026 following his release from Placer County Jail. Dkt. No. 9-1 at 2; Dkt. No. 1 at 5. He has remained in immigration detention for the last four months without the opportunity to challenge the basis of his continued detention as Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). Dkt. No. 9 at 2.

## II. DISCUSSION

Petitioner filed this habeas petition arguing, among other things, that his re-detention without any finding of changed circumstances from his initial release on parole violates his procedural due process rights. *See* Dkt. No. 1 at 8–9, 11–12. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentuck Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A. Liberty Interest

As an initial matter, Respondents oppose relief on the ground that Petitioner's detention is lawful under 8 U.S.C. § 1225(b). Dkt. No. 9 at 2. This argument is foreclosed by Ninth Circuit precedent. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). And in any event, as Petitioner was previously released by immigration authorities and has no final order of removal in place, the Court "need not determine whether § 1225 or § 1226 applied in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." *Cajina v. Wofford*, No. 1:25-CV-1566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

"[E]ven when an initial decision to detain or release an individual is discretionary, the

government's subsequent release of the individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *Calderon v. Kaiser*, No. 25-CV-6695 AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). As such, Courts have found that noncitizens in removal proceedings who have previously been released by immigration authorities obtain a protected liberty interest in their continued freedom. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."). As Petitioner was previously released by immigration authorities, he has a protected liberty interest in his continued freedom.

**B. *Mathews* Factors**

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. First, his interest in freedom from physical detention is

weighty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an individual who previously was paroled into the United States to live at liberty while his immigration case proceeded without any opportunity to be heard is substantial, and the value of a hearing in reducing that risk is correspondingly high. The record, however, shows changed circumstances between Petitioner's initial release from immigration custody in 2021 and his most recent arrest by ICE. As Petitioner has been convicted of driving under the influence, and was arrested by ICE immediately upon his release from county jail, ICE had at least a colorable basis for detaining him. The relevant question, however, is whether that event constitutes changed circumstances or justifies Petitioner's continued detention. Thus, the Court concludes that prompt, post-deprivation process is required here. Finally, the Government's interest in providing such a hearing is minimal. Indeed, in immigration court, custody hearings are routine and impose a "minimal" cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is GRANTED in part. Petition SHALL be provided a substantive bond hearing within fourteen days of entry of this order at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. The hearing may be continued upon Petitioner's request. At any such hearing, the Government SHALL bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. Petitioner SHALL be allowed to have counsel present. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 10, 2026

VINCE CHHABRIA
United States District Judge